**Dated: August 31, 2023**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | ) |
| | ) |
| JOHN M. TERRILL, | ) Case No. 21-12557-SAH |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |
| | ) |
| JOHN D. MASHBURN, | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. 22-01055-SAH |
| v. | ) |
| | ) |
| JOHN M. TERRILL and SYNERGY SPV, LLC, | ) |
| | ) |
| Defendants. | ) |

### ORDER DENYING MOTION TO EXTEND RESPONSE DEADLINE TO TRUSTEE'S MOTION FOR SANCTIONS [DOC. 46]

The Motion to Extend Response Deadline to Trustee's Motion for Sanctions [Doc. 46] (the "Motion"), filed by defendants John M. Terrill and Synergy SPV, LLC ("Synergy") is before the Court. For the reasons set forth below, the Motion is denied, and SPV is ordered, among other things, to provide written responses to Trustee's Interrogatories and Requests for

Production of Documents (collectively, the "Discovery Requests") and produce all responsive documentation by 12:00 p.m. on Friday, September 8, or a default judgment will be entered against SPV in this adversary proceeding without further notice or hearing.

1. The Motion requests a 14 day extension of time to file a response to the Trustee's Motion for Sanctions for Failure to Comply with the Court's Order Granting the Trustee's Motion to Compel Defendant Synergy SPV to Respond to Plaintiff's Interrogatories and Requests for Production of Documents and Brief in Support Thereof and Notice of Opportunity for Hearing [Doc. 43] (the "Default Judgment Motion"), filed on August 16, 2023, by plaintiff John Mashburn, chapter 7 trustee in Case No. 21-12557 ("Trustee").  The Court views the Motion as just another dilatory tactic employed by Synergy and its counsel in this adversary proceeding in an effort to thwart Trustee's prosecution thereof.

2. In the Default Judgment Motion, Trustee requests entry of a default judgment against Synergy as a sanction for its failure to comply with the Order Granting Plaintiff's Motion to Compel Defendant Synergy SPV to Respond to Plaintiff's Interrogatories and Request for Production of Documents [Doc. 41] (the "Compel Order"), entered on August 4, 2023.

3. The Compel Order specifically:

    a. Granted Trustee's motion to compel Synergy to respond to Trustee's interrogatories and requests for production of documents; and

    b. Ordered Synergy to provide complete discovery responses and document production to Trustee no later than 3:00 p.m. on August 11, 2023.

    Compel Order [Doc. 41].

4. Per Synergy's representations made in the Motion, as well as the representations in the Default Judgment Motion, Synergy did not comply with the Compel Order by failing to provide written responses to the Discovery Requests and produce the documents responsive to Trustee's requests for production of documents by August 11, 2023, at 3:00 p.m., the *extended* deadline set by the Court for Synergy's compliance.

5. Consequently, Trustee was forced to file the Default Judgment Motion on August 16, 2023, which still did not prompt Synergy to satisfy its now long overdue discovery obligations.

6. The Motion, filed in response to the Default Judgment Motion, shocks the conscience of the Court. It continues the pattern of Synergy's, and its counsel's, utter failure to comply with the well established deadlines set by the discovery rules contained in the Federal Rules of Civil Procedure (applicable pursuant to the Federal Rules of Bankruptcy Procedure) or timely seek an extension of such deadlines.

7. Moreover, Synergy and its counsel continue to refuse to participate in good faith in discovery, a pattern well documented by the following time line of discovery in this adversary proceeding.

| | |
|---|---|
| March 17, 2023 | Trustee served the Discovery Requests by first class mail (Exhibit 1 to Compel Motion) and personally deposited in mail by Trustee and postage of $1.08 paid; the Discovery Requests were never returned, and Trustee received no notice of non-delivery thereof. |
| April 19, 2023 | Synergy's written responses to the Discovery Requests were due. |
| April 24, 2023 | Trustee emailed counsel for Synergy advising of the past due responses to the Discovery Requests and requesting immediate |

|  |  |
|---|---|
|  | answers to the Interrogatories and Requests for Production of Documents (the Requests for Admissions were deemed admitted at this point pursuant to Rule 36(a)(3), Fed.R.Civ.P. (applicable pursuant to Rule 7036, Fed.R.Bankr.P.). |
|  | Counsel for Synergy replied she never received the Discovery Requests and stated if Trustee would email, she would get with Beau Phillips that week and give him an estimate of how quickly they can respond. Counsel for Synergy also gave a litany of other excuses including her building's history of poor mail sorting and delivery and two busy defendants as clients. (At the hearing on the Compel Motion (defined below), Synergy *presented no evidence* substantiating its claim its counsel never received the Discovery Requests by mail or its other proffered excuses for the delay and noncompliance.) |
| April 26, 2023 | Trustee emailed the Discovery Requests to Synergy's counsel per her request. |
| May 17, 2023 | Trustee again emailed counsel for Synergy as he had still not received responses to the Discovery Requests or the responsive documentation. |
|  | Counsel for Synergy responded she had not completed the responses and requested a WordPerfect file of the Discovery Request to speed things up considerably. |
| May 18, 2023 | Trustee emails counsel for Synergy a WordPerfect file of the Discovery Requests. |
| May 30, 2023 | Trustee called counsel for Synergy who advised she would produce a large volume of information and documents that day and would call by noon on May 31 to advise what was left and when it could be provided. Trustee advised he needed complete responses within 3 days or he would file a motion to compel. |
| May 31, 2023 | Counsel for Synergy emailed Trustee a dropbox link (missing but later provided on June 1) for a folder of what she represented to be documents on Synergy's business activities. Trustee says such production is incomplete, a claim verified by Synergy's subsequent conduct. Synergy has still not provided written responses to the Discovery Requests. |

| | | |
|---|---|---|
| | June 2, 2023 | Trustee files the Compel Motion because, as of June 2, 2023, Synergy had provided no answer to any of the 11 Interrogatories and no responses to Trustee's 12 Requests for Production of Documents (other than limited production in response to Request no. 6). |
| | June 16, 2023 | Synergy filed its response to the Compel Motion and attempted to deflect any consequences for its inaction by admitting its responses and production were not complete but progress was being made and communication is occurring, blaming Synergy's prior move for commingled documents at a fairly distant storage facility, and claiming new documents have been provided to counsel for Synergy and they will be produced through the drop box link. |

It is now August 31, 2023, almost 4 ½ months after the Discovery Requests were served, and Synergy has never provided written responses to the Discovery Requests or produced responsive documentation nor sought any extension of the deadlines for its responses and production.

8. Synergy and its counsel have a blatant disregarded the Federal Rules of Civil Procedure, this Court, and Trustee. Evidence of this is abundantly clear because Synergy never served written responses and produced documents in response to the Discovery Requests timely much less after the Compel Motion or the Default Judgment Motion were filed. Rather than request an extension thereof, Synergy forced the filing of the motions and then waited until the final day to respond to such motions, and either filed a response thereto or requested a further extension to respond thereto (27 days after the Compel Order was entered) - only further delaying their ultimate completion of their discovery obligations for no legitimate reason. Such conduct is inexcusable and unacceptable.

5

9. "'[C]ompliance with discovery orders ... is necessary to the integrity of our judicial process ... [and] part[ies], who flout[ ] such orders do so at [their] peril.' Pergament v. Thilman (In re Thilman), 548 B.R. 1, 8 (Bankr. E.D. N.Y. 2016) (internal citation omitted). Rule 37(b) of the Federal Rules of Civil Procedure, which is incorporated in this proceeding pursuant to Federal Bankruptcy Rules of Procedure 7037, expressly allows a court to impose sanctions against a party "who fails to obey an order to provide or permit discovery under Rule 26(f), 35 or 37(a).". See Fed. R. Civ. P. Rule 37(b)(2)(A)." O'Toole v. Vesnic (In re Reifler), 2023 WL 1785716 (Bankr. S.D. N.Y. 2023).

10. Sanctions under Rule 37 are designed to prevent a party from benefitting from its failure to comply and to deter such conduct in the future. Reifler, 2023 WL 1785716 (citing O'Toole v. Wrobel (In re Sledziejowski), 2015 WL 2128595, at *5-6 (Bankr. S.D. N.Y. 2015)). Sanctions under Rule 37 include "directing that those designated facts be taken as established for purposes of the action, prohibiting the disobedient party from opposing designated claims or supporting designated defenses, striking pleadings in whole or part and rendering a default judgment against the disobedient party." Reifler, 2023 WL 1785716 (citing See Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi)).

11. In determining if the sanction of default judgment is warranted, courts consider: (a) the willfulness or bad faith on the part of the noncompliant party; (b) the history of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions; (e) the parties' complicity; and (f) the prejudice to the moving party. Reifler, 2023 WL 1785716 (citing Am. Cash Card

Corp. v. AT & T Corp., 184 F.R.D. 521, 524 (S.D. N.Y. Feb. 10, 1999), aff'd 210 F.3d 354 (2d Cir. 2000)). "No one factor is dispositive. But a default judgment as a sanction must be available to: (1) ensure that a party does not benefit from its own failure to comply with discovery orders; (2) specifically deter and obtain a party's compliance with the order issued; and (3) serve as a general deterrent for other litigants, provided that the sanctioned party was in some sense at fault." Reifler, 2023 WL 1785716 (citing Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citation omitted)).

12. Entry of a default judgment is a useful remedy or sanction when a party is "confronted by an obstructionist adversary and plays a constructive role in maintaining orderly and efficient administration of justice." Botelho v. Buscone (In re Buscone), 634 B.R. 152, 170 (1st Cir. BAP 2021) (citing Companion Health Servs., Inc. v. Kurtz, 675 F.3d 75, 84 (1st Cir. 2012)).

13. Synergy's conduct is nothing short of bad faith - its flippant disregard of the deadlines to respond to the Discovery Requests, the litany of excuses given for the delays and the broken promises of responses and production being forthcoming, the added delay in complying with discovery by responding to the Compel Motion rather than responding to the Discovery Requests and producing documents again without any valid or legitimate excuse,[1] the defiant noncompliance with the Compel Order coupled with more broken promises responses and production were forthcoming, and finally not even filing a response to the Default Judgment Motion but a late night motion to extend the time to

---

[1] If Synergy, in fact, previously removed its documents to a remote storage facility as claimed, 4 ½ months is more than enough time to go to such location, sort, review and produce any responsive documents.

respond thereto for an additional 14 days, again without any provision of the written responses and production of documents responsive to the Discovery Requests. And, it bears repeating, at no time has Synergy or its counsel ever sought an extension of time to respond to and produce documents responsive to the Discovery Requests - not even in the face of the Compel Order, which Synergy failed to satisfy. When a party is consistently uncooperative in discovery, bad faith may be inferred. Selective Ins. Co. of America v. Garibay (In re Garibay), 2017 WL 2367746 (Bankr. E.D. Tenn. 2017). Repeated failure to comply with discovery requests "suggests willfulness, bad faith, or fault." Garibay, 2017 WL 2367746 (citing Allstate Ins. Co. v. Awan & Assoc., P.C., 2013 WL 1340142 (E.D Mich. 2013)).

14. Without a doubt, Trustee has been prejudiced by Synergy's dilatory conduct beyond the time and expense involved in seeking untimely responses and production and in having to prepare two separate motions in an effort to obtain discovery. He is now facing a dispositive motion deadline of October 5, 2023, and a discovery deadline of November 4, 2024, and discovery is at a standstill through no fault of his own and with no end in sight if Synergy had its way.

15. Synergy and its counsel were previously ordered to pay Trustee's attorney fees for the cost of preparing, filing, and prosecuting the Compel Motion. Such sanction, however, seemingly had little to no effect on their motivation to satisfy Synergy's discovery obligations. It just prompted more dilatory conduct and lame excuses.

16. Synergy and its counsel have completely ignored the Federal Rules of Civil Procedure and the Compel Order and continue to flout their discovery obligations. The Court has no

8

doubt "any lesser sanction will only invite additional malfeasance" and further hinder Trustee's efforts to prosecute this adversary proceeding. Reifler, 2023 WL 1785716. "This is not a case of a 'marginal failure to comply with the time requirements' of discovery either, but rather a situation involving 'willful violations of court rules, contumacious conduct, or intentional delays.'" Chrysler Financial Servs. Americas LLC v. Hecker (In re Hecker), 430 B.R. 189, 196 (Bankr. D. Minn. 2010) (citing U.S. v. Harre, 983 F.2d 128,130 (8th Cir. 1993)).

## CONCLUSION

For the reasons set forth above, the Motion is denied. Synergy shall provide complete discovery responses and document production to Trustee no later than 12:00 p.m. on September 8, 2023. Synergy's failure to provide full and complete written discovery responses and document production by 12:00 p.m. on September 8, 2023, shall result in Synergy's answer herein being stricken and immediate entry of a default judgment against Synergy without further notice or hearing upon Trustee filing a notice Synergy has failed to timely satisfy such deadline. Additionally, pursuant to Fed.R.Civ.P.37(a)(5)(A), Synergy and its counsel, Elaine Dowling, shall pay Trustee's reasonable attorney's fees and expenses incurred in the prosecution of this Default Judgment Motion in an amount to be determined upon Trustee's simplified request for fees and expenses.

IT IS SO ORDERED.

# # #